UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Wade Jason Farrington,

Plaintiff,

v.

Grede Foundries, Inc., Kurt Kogler, Michael Flannery, Andrew Vanderloop, and John Haas,

Defendants.

Civil File No. 00-1327 (PAM/JGL)

**MEMORANDUM AND ORDER**

---

This matter is before the Court upon Defendants' Motions for a More Definite Statement and to Strike. For the following reasons, the Court grants in part and denies in part Defendants' Motion for a More Definite Statement and denies Defendants' Motion to Strike.

**BACKGROUND**

Plaintiff, a former employee of Defendant Grede Foundries, Inc. ("Grede"), has sued Grede and several of its employees, Kurt Kogler, Michael Flannery, Andrew Vanderloop, and John Haas, alleging race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. and the Minnesota Human Rights Act ("MHRA"), Minn. Stat. § 363.01 et seq.; defamation; tortious interference with contract; invasion of privacy; false imprisonment; breach of contract; and violations of Minn. Stat. §§ 181.938, 181.961 et seq. Defendants now move under Fed. R. Civ. P. 12(e) for a more definite statement of several counts in the Complaint and to strike certain portions of the

FILED NOV 03 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Complaint under Fed. R. Civ. P. 12(f) which are alleged to be irrelevant and inflammatory.

## DISCUSSION

### A. Motion for More Definite Statement.

Plaintiff's Complaint includes 134 paragraphs of factual background detailing the factual basis for his claim. (See Compl. ¶¶ 16-150.) The individual count recitations include references to the factual allegations contained in those paragraphs, but do not explicitly set forth which of the factual bases support each count.[1] Defendants argue that Plaintiff's failure to include such specific relevant factual allegations for each count renders the Complaint so vague and ambiguous that they are unable to adequately respond. Defendants therefore seek more definite statements as to several counts in the Complaint. Under Fed. R. Civ. P. 12(e),

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.

After carefully reviewing the Complaint and the parties' submissions, the Court does not believe that this standard has been met for Counts I, II, IV, or VII. The Court does, however,

---

[1] For example, Count I of Plaintiff's Complaint reads as follows:

151. Mr. Farrington realleges the allegations in paragraphs 1-150 above.

152. Grede has engaged in race discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. Grede engaged in these discriminatory practices with malice or with reckless indifference to the federally protected rights of Farrington.

(Compl. ¶¶ 151-52.)

grant Defendants' Motion as to Plaintiff's defamation and invasion of privacy claims, the bases of which are not immediately apparent from the face of the Complaint.

In particular, Plaintiff must provide the precise statements which form the basis of the his defamation claim, the originator(s) of said statements, and the method of publication of said statements because there are numerous statements set forth in the factual allegations in the Complaint. See French v. Eagle Nursing Home, Inc., 973 F. Supp. 870, 883 (D. Minn. 1997) ("A claim for defamation 'must be pled with a certain degree of specificity.'"). As for the invasion of privacy count, although Plaintiff sets forth which Defendants allegedly violated his privacy rights, the precise factual basis and legal theory for this claim remain unclear. See Lake v. Wal-Mart Stores, Inc., 582 N.W.2d 231, 236 (Minn. 1998) (recognizing the common law torts of intrusion upon seclusion, appropriation, and publication of private facts, all of which are distinct, but commonly referred to as "invasion of privacy").

**B. Motion to Strike.**

In paragraphs 17 through 31 of the Complaint, Plaintiff alleges that Defendants denied him leave to spend time with his wife during her difficult pregnancy and ultimately with his newborn child. Although there are repeated references to the Family Medical Leave Act ("FMLA") in these paragraphs, Plaintiff did not include an FMLA claim in his Complaint. Defendants argue that because there is no FMLA claim in this case, the paragraphs must be stricken under Fed. R. Civ. P. 12(f) as irrelevant and unduly inflammatory. The Court disagrees. As Plaintiff argues, the allegations may be relevant

because they could be seen as demonstrating Defendant Grede's general bias against him apart from any specific claim under the FMLA. In addition, the Court does not believe that the allegations are so inflammatorily phrased as to constitute "invective, bile and spite," as argued by Defendants.

**CONCLUSION**

For the foregoing reasons, and upon all of the files, records, and proceedings herein, the Court grants in part and denies in part Defendants' Motion for More Definite Statement and denies Defendants' Motion to Strike.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion for More Definite Statement (Clerk Doc. No. 12) is **GRANTED IN PART AND DENIED IN PART**;
2. Counts III and V of the Complaint (Clerk Doc. No. 1) must be repleaded in accordance with this Order;
3. Defendants' Motion to Strike (Clerk Doc. No. 12) is **DENIED**; and
4. Plaintiff has 10 days from the date of entry of this Order to amend his Complaint in accordance with this Order.

Dated: November 3, 2000

Paul A. Magnuson
United States District Court Judge